IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
May 15, 2024 Session

**STEPHEN CHARLES JOHNSON v. ELIZABETH KAY JOHNSON**

**Appeal from the Chancery Court for Knox County**
**No. 197061-2     Richard B. Armstrong, Jr., Chancellor[1]**

_____

**No. E2023-01272-COA-R3-CV**

_____

Stephen Charles Johnson ("Husband") filed for divorce against Elizabeth Kay Johnson ("Wife") in the Chancery Court for Knox County ("the Trial Court").[2]  Former Chancellor Clarence E. Pridemore, Jr., presided at trial.  However, he was defeated for re-election mid-trial.  Richard B. Armstrong, Jr. succeeded Pridemore as Chancellor.  Shortly before his statutory authority expired, Chancellor Pridemore entered a one-page order adopting Wife's 59-page proposed findings of fact and conclusions of law in full.  Husband appeals. We conclude that Chancellor Pridemore's order does not reflect his own deliberations and decision-making.  We, therefore, vacate the Trial Court's judgment and remand for a new trial.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Vacated; Case Remanded**

D. MICHAEL SWINEY, C.J., delivered the opinion of the court, in which JOHN W. MCCLARTY and KRISTI M. DAVIS, JJ., joined.

C. Scott Taylor and Jon C. Fromke, Knoxville, Tennessee, for the appellant, Stephen Charles Johnson.

David L. Valone and Cecilia S. Petersen, Knoxville, Tennessee, for the appellee, Elizabeth Kay Johnson.

---

[1] Former Chancellor Clarence E. Pridemore, Jr., presided at trial.

[2] This case involved two Chancellors.  We refer to the individual Chancellor as appropriate, or simply "the Trial Court."

# OPINION

## Background

Husband and Wife married in 1991. Husband is President of Gryphus Diagnostics, LLC. Wife is a teacher. The parties have two children, both of whom reached majority age by the time of the hearing in this matter. In December 2018, Husband sued Wife for divorce in the Trial Court. In January 2019, Wife filed an answer and counterclaim for divorce. Trial was held over the course of seven days—November 15, 2021, December 21, 2021, February 2, 2022, May 9, 2022, May 11, 2022, May 19, 2022, and June 21, 2022. Chancellor Pridemore presided.

A range of issues were contested at trial, including the classification and valuation of the marital estate; whether Husband dissipated the marital estate by declining to sell the marital home in 2019; whether certain promissory notes Wife executed in her parents' favor were gifts or loans; how much and what type of spousal support Wife should receive; and whether Husband owed a child support arrearage. Husband and Wife both testified. In addition, Wife called her mother and sister as witnesses. Wife also played into the record the deposition of a banker for American Bank & Trust.

In May 2022, Chancellor Pridemore was defeated in a primary election. He continued to preside over the trial. At trial's end, Chancellor Pridemore did not state how he intended to rule or why. Instead, he asked the parties to submit proposed findings of fact and conclusions of law. The parties complied. In October 2022, shortly before his statutory authority expired, Chancellor Pridemore entered a one-page order adopting Wife's 59-page proposed findings of fact and conclusions of law in full. The order read:

> This cause having come to be tried before this Court without a jury on multiple dates, upon Plaintiff's Complaint for Divorce.
> After argument of respected counsel, the sworn testimony of numerous witnesses and the introduction of numerous exhibits, this Court requested that counsel for both parties submit Proposed Findings of Facts and Conclusions of Law.
> After reviewing the Proposed Findings of Facts and Conclusions of Law submitted by both parties this Court finds that the Proposed Findings of Facts and Conclusions of Law submitted by the Defendant is consistent with the evidence presented to this Court and that the Conclusions of Law are also consistent with the opinion of this Court and are fair and equitable.

Therefore this Court after an in depth review and long consideration adopt the Proposed Findings of Facts and Conclusions of Law submitted by the Defendant as the final order of this Court.

Court cost taxed to the Plaintiff.

Per Wife's proposal, Wife was awarded, among other things, the sum of $308,884.59, representing all of the proceeds from the sale of the marital residence. Wife was awarded $5,000.00 per month in alimony *in futuro*. Wife was further awarded a child support arrearage from Husband, which was stated discrepantly at different points as $41,250.00, $42,711.00, and $42,911.00. Husband was found to have dissipated marital assets through his refusal to sell the marital residence in 2019. The overall division of the marital estate was $476,908.81 to Husband and $394,240.98 to Wife.

Husband appealed to this Court. In May 2023, we dismissed his appeal for lack of subject matter jurisdiction because certain outstanding issues, such as sanctions and attorney's fees, remained unresolved. *Johnson v. Johnson*, No. E2022-01635-COA-R3-CV, 2023 WL 3243552 (Tenn. Ct. App. May 4, 2023). In August 2023, the Trial Court—then under Chancellor Armstrong—entered an order deciding the outstanding issues. Among other things, Wife was awarded attorney's fees and her petition for sanctions was dismissed as moot. Husband timely appealed to this Court.

## Discussion

Husband raises several issues pertaining to the marital estate, alimony, and child support arrears. However, the dispositive issue raised by Husband, as restated slightly by us, is whether the judgment of the Trial Court must be vacated and remanded for a new trial due to the lack of independent judgment shown in Chancellor Pridemore's order.

Chancellor Pridemore wholly adopted Wife's 59-page proposed findings of fact and conclusions of law. He did so without stating on the record beforehand how he would rule or why. Regarding the verbatim adoption of party-prepared orders, the Tennessee Supreme Court has stated:

A trial court's verbatim adoption of verbiage submitted by the prevailing party detracts from the appearance of a hardworking, independent judge and does little to enhance the reputation of the judiciary. At the very least, it gives rise to the impression that the trial judge either has not considered the losing party's arguments, or has done little more than choose between two provided options rather than fashioning a considered, independent ruling based on the evidence, the filings, argument of counsel, and applicable legal principles. At worst, it risks creating an appearance of bias or the impression

-3-

that the trial court ceded its decision-making responsibility to one of the parties.

*Smith v. UHS of Lakeside, Inc.*, 439 S.W.3d 303, 315 (Tenn. 2014) (footnotes omitted).

The High Court in *Smith* articulated two conditions for party-prepared orders: "First, the findings and conclusions must accurately reflect the decision of the trial court. Second, the record must not create doubt that the decision represents the trial court's own deliberations and decision." *Id*. at 316. While *Smith* involved summary judgment, we have extended its reasoning to cases not involving summary judgment. *See Mitchell v. Mitchell*, No. E2017-00100-COA-R3-CV, 2019 WL 81594, at *6 (Tenn. Ct. App. Jan. 3, 2019), *no appl. perm. appeal filed*. "In the final analysis, the ultimate concern is the fairness and independence of the trial court's judgment." *Smith*, 439 S.W.3d at 316 (footnote omitted). Our Supreme Court provided examples of how trial courts can demonstrate independence in their decision-making when making use of party-prepared orders:

> First, the trial court may state the grounds for its decision at the same time it announces its decision on the record. Second, the trial court may announce its decision and inform counsel that it will provide the grounds in a subsequently filed memorandum or memorandum opinion. Third, after announcing its decision, the trial court may notify the parties of the grounds for its decision by letter, as long as the letter has been provided to all parties and has been made part of the record.

*Smith*, 439 S.W.3d at 316 n28. This Court has recognized another possibility whereby a trial court uses a party-prepared order but makes alterations to it reflecting that the court used independent judgment. *See Vaughn v. DMC-Memphis, LLC*, No. W2019-00886-COA-R3-CV, 2021 WL 274761, at *6 (Tenn. Ct. App. Jan. 27, 2021), *no appl. perm. appeal filed* ("Although Ms. Vaughn appears to take issue with the limited alterations made by the trial court, these alterations confirm that the order entered was not a verbatim copy of what was submitted by DMC, but was the trial court's own independent judgment.").

In the present case, Chancellor Pridemore did none of these things. Without stating on the record in advance how he intended to rule or why, he merely adopted Wife's proposed findings of fact and conclusions of law in full. "[I]f the trial court simply adopts one of the proposed orders without alterations, then the trial court has not complied with *Smith*." *Steinberg v. Steinberg*, No. W2022-01376-COA-R3-CV, 2023 WL 8827667, at *4 (Tenn. Ct. App. Dec. 21, 2023), *no appl. perm. appeal filed*. Clearly, Chancellor Pridemore's order did not comply with *Smith*.

Wife argues in response that a trial court's noncompliance with *Smith* does not automatically mean that its judgment must be vacated. *See Huggins v. McKee*, 500 S.W.3d 360, 366 (Tenn. Ct. App. 2016) (exercising our discretion to proceed despite noncompliance with *Smith* when the case had been "awaiting resolution for nearly a decade and was previously remanded to the trial court because the trial court failed to offer an appropriate basis for its prior dismissal"); *Long v. Long*, 642 S.W.3d 803, 817 (Tenn. Ct. App. 2021) (exercising our discretion to proceed despite noncompliance with *Smith* where the divorce had "been pending for nearly seven years and has been previously remanded for the trial court to make specific findings of fact. . . ."); *Woody v. Woody*, No. E2020-01200-COA-R3-CV, 2022 WL 678976, at *11 (Tenn. Ct. App. March 8, 2022), *no appl. perm. appeal filed* (proceeding on merits where trial court made some edits to the proposed order that it adopted, and the case had gone on for "several years"). Wife urges us to soldier on despite any shortcomings in the Trial Court's order. She says that "[a]fter five years of litigation, lies and financial abuse, Wife deserves a reprieve from battle."

Wife is correct in that this Court has, on occasion, proceeded on the merits despite a trial court's failure to comply fully with *Smith*. However, that we have sometimes exercised our discretion to proceed does not mean the collapse of the rule, with the rule being that a trial court's judgment must be the product of its own deliberations. Here, Chancellor Pridemore stated in his one-page order adopting Wife's proposal in full that he conducted an "in depth review" and gave the matter "long consideration." That alone will not suffice. If a trial court could get around *Smith* by adopting a party-prepared order in full despite having never announced on the record how it would rule or why simply by saying that it considered the matter carefully and did an in-depth review, *Smith* would be dead letter.[3] As we have noted, "this Court has been directed by the Tennessee Supreme Court not to relieve trial courts of the 'high judicial function' required of judicial decision-making by conducting 'archeological digs' of the record in an effort to support a trial court's decision." *Heun Kim v. State*, No. W2018-00762-COA-R3-CV, 2019 WL 921039, at *6 (Tenn. Ct. App. Feb. 26, 2019), *no appl. perm. appeal filed* (quoting *Smith*, 439 S.W.3d at 312). Here, Chancellor Pridemore effectively ceded to Wife *carte blanche* ability to craft the order, make factual findings, and supply the legal reasoning. Wife asks us to review the record to find support for her own proposal, which was adopted without any input from Chancellor Pridemore. However, this fact-intensive and credibility-intensive case is especially unsuited for a so-called archaeological dig. It was for the Trial Court to make findings of fact and conclusions of law in the first instance, which we could then review on appeal.

---

[3] Courts are supposed to consider and review the cases before them in depth as a matter of course. That should go without saying.

Wife argues that we should proceed all the same because her proposal was not unduly skewed in her favor. She points out for example that, under her proposal, Husband received more than half of the marital estate. Even still, on contested issue after contested issue, including the classification and valuation of the marital estate, Wife prevailed. That is unsurprising given that Wife crafted the result in full.[4] Wife is heavily favored throughout. At one point, for instance, Wife's proposal states: "The Defendant also testified that the Buyer would take the property in an **'as is'** condition, which would be additional savings to the parties. However, the parties had to spend over $20,000.00 in repairs requested by the Buyer." This specific proposal by Wife was adopted by Chancellor Pridemore even though Husband objected at trial to this line of questioning and Chancellor Pridemore sustained the objection, saying "I'm sustaining the objection. If you want to ask if she received an offer, period, that's it, but don't get into what was said." This further undermines the appearance of independent judgment.

In *Steinberg*, we vacated the trial court's judgment because it did not appear to be the product of its own deliberations, stating "[i]t seems that the trial court adopted Appellees' proposed findings and conclusions in an effort to resolve this matter prior to the trial court judge vacating her office." 2023 WL 8827667, at *6. That appears to be the case here, too. The record creates significant doubt that Chancellor Pridemore exercised independent judgment in deciding this case. Furthermore, this is not a matter suited to "soldiering on." We, therefore, vacate the Trial Court's judgment and remand for a new trial. In so ruling, we are not unmindful of the costs these parties will incur. Nevertheless, the issues are fact-intensive and depend in no small part on the trial judge's assessment of witness credibility. This being the case, we cannot simply remand for a corrected judgment since Chancellor Pridemore is no longer on the bench. Regrettably, a new trial is necessary.

Wife contends that any new trial should be limited "to those [issues] raised by Husband: The stock versus house proceeds valuation and distribution as well as alimony." However, in view of the total noncompliance with *Smith* in this matter, we decline to set any such limits. Lastly, both parties ask for an award of attorney's fees incurred on appeal. Exercising our discretion, we decline to award either party attorney's fees.

---

[4] Wife also cites the United States Supreme Court opinion of *Anderson v. Bessemer City, N.C.*, 470 U.S. 564, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985), for the proposition that "our previous discussions of the subject suggest that even when the trial judge adopts proposed findings verbatim, the findings are those of the court and may be reversed only if clearly erroneous." *Id*. at 572. However, the U.S. Supreme Court went on to say in that case that "the findings [the District Court] ultimately issued . . . vary considerably in organization and content from those submitted by petitioner's counsel. Under these circumstances, we see no reason to doubt that the findings issued by the District Court represent the judge's own considered conclusions." *Id*. at 572-73. That is clearly not the case here. Chancellor Pridemore adopted Wife's proposal wholesale.

## **Conclusion**

The judgment of the Trial Court is vacated, and this cause is remanded to the Trial Court for collection of the costs below and for further proceedings. The costs on appeal are assessed against the Appellee, Elizabeth Kay Johnson.

_____
D. MICHAEL SWINEY, CHIEF JUDGE